# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANE BUNDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUP VALLEY RURAL PUBLIC ) <br> POWER DISTRICT, ) <br> ) <br> Defendant. ) <br> ) | CIVIL CASE NO.: <br><br> **DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL** |

Defendant Loup Valley Rural Public Power District ("Loup Valley" or "Defendant"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, and in accordance with the Federal Rules of Civil Procedure and Nebraska Civil Rules, hereby files this Notice of and Petition for Removal of a case from the District Court of Valley County, Nebraska, bearing Case No. CI 24-21. As grounds for this removal, Defendant states the following:

## BACKGROUND

1. On April 24, 2024, Plaintiff filed her Complaint ("Complaint") against Defendant in the District Court of Valley County, Nebraska, Case No. CI 24-21. A copy of the Complaint is attached with Exhibit A to this Notice.

## TIMELY REMOVAL

2. On April 25, 2024, Plaintiff served a copy of the Complaint and Summons on Defendant. The time period under 28 U.S.C. § 1446(b) for Defendant to file this Notice of Removal has not expired.

**BASES FOR REMOVAL**

3.  Plaintiff has asserted a claim alleging Defendant violated Amendment XIV, § 1 of the United States Constitution by depriving her of a property interest without sufficient due process.

4.  Plaintiff also alleges that Defendant terminated her employment based on her age in violation of 42 U.S.C. § 6102.

5.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Constitutional claims and her age discrimination claim brought under 42 U.S.C. § 6102.

6.  Plaintiff's state law claims under the Nebraska Age Discrimination in Employment Act, the Nebraska Fair Employment Practices Act, and the Nebraska Wage Payment and Collection Act are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7.  In particular, Plaintiff's claims arise out of her termination and rely on the same set of factual allegations to form her federal and state law claims. *See* Exhibit A, pp 1-4.

8.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**VENUE**

9.  Venue is proper in this Court. The United States District Court for the District of Nebraska is the Division which encompasses Valley County, the district in which the state court case was filed. Thus, the United States District Court for the District of Nebraska is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## NOTICE OF COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. An accurate copy of all process, pleadings, orders, and other papers or exhibits currently on file with the state court are attached to this notice of and petition for removal as Exhibit A as required by 28 U.S.C. § 1446(a).

11. Promptly after the filing of this Notice, Defendant will serve written notice of this removal on Plaintiff through her counsel and will file a copy of this Notice of Removal with the District Court of Valley County, Nebraska.

## REQUEST FOR PLACE OF TRIAL

Defendant respectfully requests that trial of this action be held in Lincoln, Nebraska.

WHEREFORE, Defendant respectfully requests that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had originally been instituted in this Court.

Dated: May 28, 2024.

                                                  LOUP VALLEY RURAL PUBLIC POWER DISTRICT, Defendant,

By: */s/ Brock J. Pohlmeier*
Brock J. Pohlmeier, #25817
Nicholas B. McGrath, #26830
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
(402) 391-1991
brock.pohlmeier@jacksonlewis.com
Nicholas.mcgrath@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all parties of record.

*/s/ Brock J. Pohlmeier*

4858-1536-5570, v. 1

Filed in Valley District Court
*** EFILED ***
Case Number: D47CI240000021
Transaction ID: 0021499696
Filing Date: 04/24/2024 04:56:58 PM CDT

IN THE DISTRICT COURT OF VALLEY COUNTY, NEBRASKA

| | | |
|---|---|---|
| DIANE BUNDY, | ) | CASE NO. CI 24-___ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| LOUP VALLEY RURAL PUBLIC POWER DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Diane Bundy, by and through her attorneys, for her cause of action against Loup Valleys Rural Public Power District, states and alleges:

**JURISDICTION AND VENUE**

1. Diane Bundy ("Plaintiff") is an individual and resident of Valley County, Nebraska.

2. Loup Valley Rural Public Power District ("Defendant") is a public entity incorporated under the laws of Nebraska with its principal place of business in Valley County, Nebraska.

3. Jurisdiction is proper in this Court pursuant to Neb. Rev. Stat. § 24-517.

4. Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01 because Valley County is the county of Defendant's principal place of business and where the causes of action arose.

5. Plaintiff filed a complaint with the Nebraska Equal Opportunity Commission ("NEOC") within 300 days of the occurrence of discrimination and files this suit within 90 days of receiving notice of the NEOC determination thereof.

**FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION**

6. Plaintiff incorporates paragraphs 1-5 as though set forth herein.

7. Plaintiff was employed by Defendant from October 1, 2001 until November 4, 2022, when she was terminated by her supervisor, Ron Sandoz.

**EXHIBIT A**

8. On the day prior to Plaintiff's termination, Defendant provided her supervisor an official grievance against her co-worker Shaina Jensen, age 34, for altering Plaintiff's payroll time sheets without permission.

9. The grievance identified in paragraph 8 of this Complaint was the second of its kind, the first grievance submitted on September 12, 2022, alleged Ms. Jensen undertook the same behavior previously. No action was taken on either grievance, other than Defendant's firing of Plaintiff.

10. During the course of Plaintiff's employment with Defendant, Plaintiff was passed over for trainings and raises in favor of Ms. Jensen, and Sarah Zulkoski, age 32.

11. Defendant violated the Nebraska Age Discrimination Act in the following particulars:

    a. Terminating Plaintiff from employment based on her age, violating Neb. Rev. Stat. § 48-1004(1)(a) and 42 U.S.C. § 6102.

12. As a result of Defendant's actions, Plaintiff has been damaged in an amount of no less than $182,000.00.

## SECOND CAUSE OF ACTION
## NEBRASKA WAGE PAYMENT CLAIMS ACT

13. Plaintiff incorporates paragraphs 1-12 as though set forth herein.

14. During the course of Plaintiff's employment, Defendant failed to take action to prevent Ms. Jensen's altering of Plaintiff's payroll time sheets despite being notified of the actions.

15. Defendant failed to remedy all inaccurate alterations made to Plaintiff's payroll time sheets.

16. Upon information and belief, due to the alteration of Ms. Jensen; Plaintiff did not receive complete pay for all the time she was entitled to at the time of her termination.

17. Defendant violated the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228, *et seq.* by failing to pay Plaintiff's wages and compensation in the following particulars:

    a. Reducing overtime hours worked by Plaintiff to deprive Plaintiff of earned compensation.

    b. Incorrectly using earned vacation hours to diminish Plaintiff's accrued fringe benefits.

      c. Incorrectly stating the hours worked by Plaintiff to deprive Plaintiff of earned compensation.

      d. Withholding overtime payment for Plaintiff's cleaning duties.

18. As a result of Defendant's actions, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## WAGE RETALIATION

19. Plaintiff incorporates paragraphs 1-18 as though set forth herein.

20. Plaintiff engaged in a lawful discussion regarding her wages, benefits, and other compensation with her supervisor, Ron Sandoz, identified in paragraph 8.

21. The very next day, Plaintiff was terminated from employment by Defendant based on her wage discussions with Ron Sandoz.

22. Defendant violated the Nebraska Fair Employment Practice Act in the following particulars:

      a. Terminating Plaintiff's employment for discussing wages violating Neb. Rev. Stat. § 48-1114(1)(d).

23. As a result of Defendant's actions, Plaintiff has been injured and suffered damages in an amount of no less than $182,000.00.

## FOURTH CAUSE OF ACTION
## PROCEDURAL DUE PROCESS

24. Plaintiff incorporates paragraphs 1-23 as though set forth herein.

25. Plaintiff had a contractual right to continued work with Defendant.

26. Plaintiff had a protected property interest in her continued employment with Defendant.

27. Defendant failed to provide Plaintiff with notice and an opportunity to be heard before her termination, thereby depriving Plaintiff of her protected property interest without sufficient due process as required by U.S. Const. Amend. XIV, § 1.

28. Plaintiff requested to see Mr. Sandoz's files containing complaints and issues justifying her termination but was denied. Plaintiff was never informed of any complaints or issues regarding her employment with Defendant prior to her termination.

29. Plaintiff was terminated on November 4, 2022, but did not receive written notice of the reasons why until several days after her termination.

30. After her termination, Plaintiff asked to be placed on the agenda for Defendant's Board meeting on November 21, 2022 to ask the Board to reconsider her termination..
31. Board President, Harry Walahoski, told Plaintiff that there was no time to allocate for her to speak during that meeting. Plaintiff was told that she could make remarks during the public comment section of the Board meeting, which limited Plaintiff's time of speak to two minutes.
32. Plaintiff was never provided adequate notice of the reasons surrounding her termination or an opportunity to be heard on the reasons for her termination.
33. As a result of Defendant's actions, Plaintiff has been injured and suffered damages in an amount no less than $182,000.00.

Plaintiff seeks judgment against Defendant in an amount of $182,000.00, plus unpaid wages, an amount to be determined at trial, cost of this lawsuit, including reasonable attorney's fees pursuant to Neb. Rev. Stat. § 48-1231, for pre-judgement and post-judgment interest together along with such other relief as the Court deems just and equitable.

DATED this 24 day of April, 2024.

DIANE BUNDY, Plaintiff

By: _____
Coy Clark, #27028
Don A. Garrell, #27865
cclark@jacobsenorr.com
dgarrell@jacobsenorr.com
JACOBSEN, ORR, LINDSTROM
& HOLBROOK, P.C., L.L.O.
5408 Global Drive | P. O. Box 1060
Kearney, NE 68848-1060
(308) 234-5579 | 308) 234-9305 (fax)

Filed in Valley District Court
*** EFILED ***
Case Number: D47CI240000021
Transaction ID: 0021499696
Filing Date: 04/24/2024 04:56:58 PM CDT

IN THE DISTRICT COURT OF VALLEY COUNTY, NEBRASKA

| | | |
|---|---|---|
| DIANE BUNDY, | ) | CASE NO. CI 24-___ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **PRAECIPE FOR SUMMONS** |
| | ) | |
| LOUP VALLEY RURAL PUBLIC POWER DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

TO THE CLERK OF SAID COURT:

The name and address of the party to be served, and the manner of service for such party, is as follows, respectively:

| Name & Address of Party to be Served | Manner of Service For Such Party |
|---|---|
| Ron Sandoz, General Manager of Loup Valley Rural Public Power District 606 S Street Ord, Nebraska 68862 | Personal/Residential Service |

Document to be served: Summons and Complaint.

Please return to the undersigned for service.

DATED this 24 day of April, 2024.

                DIANE BUNDY, Plaintiff

By: _____
Coy Clark, #27028
Don A. Garrell, #27865
cclark@jacobsenorr.com
dgarrell@jacobsenorr.com
JACOBSEN, ORR, LINDSTROM
& HOLBROOK, P.C., L.L.O.
5408 Global Drive | P. O. Box 1060
Kearney, NE  68848-1060
(308) 234-5579 | 308) 234-9305 (fax)

| Image ID:<br>D00007459D47 | **SUMMONS** | Doc. No.   7459 |
|---|---|---|

IN THE DISTRICT COURT OF Valley COUNTY, NEBRASKA
Valley County Courthouse
125 S 15th
Ord                    NE 68862

Diane Bundy v. Loup Valley Rural Public Power

Case ID: CI 24      21

TO:   Loup Valley Rural Public Power

**FILED BY**
Clerk of the Valley District Court
04/25/2024

You have been sued by the following plaintiff(s):

    Diane Bundy

| | |
|---|---|
| Plaintiff's Attorney: | Coy T Clark |
| Address: | P.C. LLO |
| | 322 W 39th Street, PO Box 1060 |
| | Kearney, NE 68848-1060 |
| Telephone: | (308) 234-5579 |

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date:  APRIL 25, 2024         BY THE COURT:   *Lisa Bower*
                                                                           Clerk

Page 1 of 2

| Image ID: D00007459D47 | **SUMMONS** | Doc. No.    7459 |
|---|---|---|

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Loup Valley Rural Public Power
    606 S Street
    Ord, NE 68862

BY:  Valley County Sheriff
Method of service:  Personal or Residential Service

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

Page 2 of 2

## SERVICE RETURN

Doc. No.  7459

```
                VALLEY COUNTY DISTRICT COURT
                  Valley County Courthouse
                  125 S 15th
                  Ord                    NE 68862
  To: Valley County Sheriff
  Case ID: CI 24    21 Bundy v. Loup Valley Rural Public Power
```

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock \_\_M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                     _____

Mileage \_\_\_\_miles        _____

   TOTAL               $ _____

Date: _____  BY: _____
                                       (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                   _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Loup Valley Rural Public Power      From: Coy T Clark
    606 S Street                              P.C. LLO
                                              322 W 39th Street, PO Box 1060
    Ord, NE 68862                             Kearney, NE 68848-1060
```

**ATTACH RETURN RECEIPT & RETURN TO COURT**

| Image ID: D00007460D47 | **SERVICE RETURN** | Doc No.   7459 |
|---|---|---|

Return to: VALLEY COUNTY DISTRICT COURT
Case ID: CI 24       21
Bundy v. Loup Valley Rural Public Power

Received Doc.No.     7459  a Summons
   on  4/25/2024 at 09:30 AM.

I hereby certify that on  4/25/2024 at 11:49 AM I served Doc. No.     7459 a
Summons                         on Loup Valley Rural Public Power
by Personal Service     to Ron Sanudoz
at 606 S St, Ord, NE 68862
as required by Nebraska state law.

**FILED BY**
Clerk of the Valley District Court
04/25/2024

Service and return          $18.50
Mileage                      $1.40
TOTAL                       $19.90

Comments


Date:  4/25/2024                                          /S/ 9471 Scheideler

Requested by
Coy T Clark
P.C. LLO
322 W 39th Street, PO Box 1060
Kearney            NE 68848 1060

Filed in Valley District Court
*** EFILED ***
Case Number: D47CI240000021
Transaction ID: 0021644288
Filing Date: 05/24/2024 02:00:48 PM CDT

## IN THE DISTRICT COURT OF VALLEY COUNTY, NEBRASKA

| | |
|---|---|
| DIANE BUNDY,<br><br>Plaintiff<br><br>v.<br><br>LOUP VALLEY RURAL<br>PUBLIC POWER DISTRICT,<br><br>Defendant. | Case No. CI 24-21<br><br><br><br>**ANSWER** |

COMES NOW Defendant Loup Valley Rural Public Power District ("Defendant"), and for its Answer to Plaintiff Diane Bundy's ("Plaintiff") Complaint, states as follows:

### ANSWER AND GENERAL DENIAL

Pursuant to Neb. Ct. R. § 6-1108, Defendant enters a general denial of the allegations pled in the Complaint, including paragraphs 1 – 33 and the unnumbered requests for relief that follow each cause of action set forth therein. Defendant requests the Court require Plaintiff to prove each of her allegations, including her alleged damages, by the applicable standard of evidence under the laws of the state of Nebraska.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and fails to allege sufficient facts necessary to state a claim.

2. Plaintiff's claims and/or certain allegations within those claims as stated are barred by the applicable statute of limitations.

1

3.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust all administrative and procedural requirements, comply with all deadlines or timing requirements or otherwise satisfy prerequisites to commence this action and maintain all the claims Plaintiff has asserted in her Complaint.

4.     To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims for damages fail, in whole or in part, because she failed to mitigate her alleged damages.

5.     Plaintiff's own acts or omissions caused or contributed to any damages she claims she incurred.

6.     Plaintiff's claim for emotional distress damages is barred because any alleged conduct was not extreme, outrageous, reckless, or negligent, and Plaintiff has not suffered severe emotional distress, or any distress at all, as a result of Defendant's alleged conduct.

7.     Defendant had legitimate, non-retaliatory, non-discriminatory reasons for all decisions made regarding Plaintiff. Plaintiff's age and alleged engagement in protected activity were not factors in any of Defendant's employment decisions with respect to Plaintiff.

8.     At all times relevant to Plaintiff's allegations, Defendant exercised reasonable care to prevent and promptly correct any alleged discrimination, harassment, or retaliation.

9.     Defendant has not engaged in any unlawful practices intentionally or in bad faith, with malice or reckless indifference, or with deliberate disregard as to the protected rights of Plaintiff and, therefore, cannot be liable for punitive and/or statutory damages.

10.    To the extent discovery may disclose a factual basis for this defense, Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the after-acquired evidence doctrine.

11.     To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of consent, waiver, estoppel, latches, and/or unclean hands.

12.     Defendant intends to rely on any other defenses that may become available, appear during, or are the result of further action in this matter, and Defendant hereby reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant respectfully requests that the Court: (1) enter judgment in its favor; (2) dismiss the Complaint with prejudice; and (3) enter an order granting to Defendant its attorneys' fees, costs, and expenses incurred defending this action, as well as any other relief deemed just and equitable under the circumstances.

DATED: May  24, 2024.

LOUP VALLEY RURAL PUBLIC POWER DISTRICT,
Defendant,

By:

*/s/ Brock J. Pohlmeier*
Brock J. Pohlmeier, #25817
Nicholas B. McGrath, #26830
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska  68114
(402) 391-1991
brock.pohlmeier@jacksonlewis.com
Nicholas.mcgrath@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

4895-2381-5361, v. 1

## Certificate of Service

I hereby certify that on Friday, May 24, 2024 I provided a true and correct copy of the Answer to the following:

Bundy,Diane, represented by CLARK, COY T. (Bar Number: 27028) service method: Electronic Service to cclark@jacobsenorr.com

Signature: /s/ Brock Joseph Pohlmeier (Bar Number: 25817)