IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIANE BUNDY,

          Plaintiff,

   vs.

LOUP VALLEY RURAL PUBLIC POWER
DISTRICT,

          Defendant.

   vs.

KAREN HASTINGS and MAUREEN
POKORNY,

          Non-Party Subpoena
          Respondents

**4:24CV192**

**ORDER**

This matter is before the court on Defendant's Motion to Compel Non-Party Subpoena Responses under Fed. R. Civ. P. 45 from Karen Hastings and Maureen Pokorny, who are Plaintiff's sisters. Upon consideration of the docket filings, and arguments by the parties and non-party subpoena respondents during the hearing on December 5, 2025, the motion to compel will be granted in part and denied in part, as stated on the record and as set forth in detail, below.

The motion will be denied in part, as the subpoenas are too broad in scope. The motion will be granted to the extent that Defendant has demonstrated that the requested information, as limited by subject qualifiers, is either relevant or could lead to the discovery of relevant information. The plaintiff and non-parties indicated their agreement that the temporal scope of the subpoenas is appropriate if subject qualifiers are put in place.

Defendant shall draft and circulate subject qualifiers for the search of Ms. Hastings and Ms. Pokorny's electronic communications to Plaintiff's employment, her termination, and evidence supporting emotional distress damages alleged in this lawsuit. Defendant shall circulate the terms as soon as practicable during the week of December 8, 2025 and the parties and non-parties are to negotiate in good faith to reach a final list of terms on or before December 12, 2025. On or before December 12, 2025, Defendant shall file a status report on the court's docket detailing the search terms selected, the third-party vendor selected to conduct the search, and the time period when the search of the electronic communications is expected to be completed. Ms. Hastings and Ms. Pokorny are ordered to make their phones available for the search and are cautioned against manipulating or tampering with any text messages, emails, or other electronic communications in any way prior to the search. If the parties need additional time to complete depositions or other discovery as a result of any delay associated with this motion, the court will entertain an appropriate motion to extend.

The portion of Defendant's motion to compel requesting fees and costs associated with the motion to compel is denied as the motion will be granted in part and denied in part. The court advised and reminded the parties and non-parties that the bulk of discoverable information should come from Plaintiff and the court has advised what the potential consequences will be if discoverable information is not provided. A motion for fees or Rule 37 sanctions may be reasserted if appropriate.

Accordingly,

IT IS ORDERED:

1) Defendant's Motion to Compel Non-Party Subpoena responses is granted in part and denied in part as set forth within this order. (Filing No. 30).
2) The Clerk shall set a Status Report Deadline for December 12, 2025.
3) The Clerk shall mail a copy of this order and the Minute Entry at Filing No. 50 to Third-Party Subpoena Respondent Karen Hastings at the service address provided

in Filing No. 47, and to Third-Party Subpoena respondent Maureen Pokorny at the service address provided in Filing No. 45.

Dated this 5th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge